Arthur M. Kahn, Esq. Town Attorney, Rochester
I am writing in response to your request for an opinion as to whether the first deputy town clerk may also serve as clerk to the justice court.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Section 30 of the Town Law sets forth the powers and duties of the town clerk. Because the first deputy town clerk assumes these duties in the town clerk's absence, any incompatibility between the duties of the town clerk and the justice court clerk will also apply to the first deputy town clerk. The duties listed in section 30 include recording of deeds, collecting fees, maintaining records and assuring that various papers and certificates are filed (Town Law, § 30). None of these powers and duties directly relate to the operation of the justice court.
The Uniform Justice Court Act (UJCA) authorizes the creation of the office of clerk to the justice court (UJCA, § 2101[f]). There is no restriction to the effect that the clerk cannot hold any other public office. The powers and duties of the clerk are confined to the administration of the court (see, for example, UJCA, §§ 1403, 1501,1704, 2103), and are in no way inconsistent with the duties of the town clerk.
You have also asked whether a conflict of interest exists if this same person is married to a State trooper. In the past, we have found that in situations where a public official has authority to determine policy matters affecting his or her spouse, a conflict of interest exists (Op Atty Gen No. 85-22). In the immediate case, neither the town clerk nor the justice court clerk exercise such authority. State police commonly prosecute traffic infractions in the local courts. The justice court clerk, however, exercises no judicial or other discretionary powers regarding such proceedings.
We conclude that the offices of first deputy town clerk and clerk of the justice court are compatible. There is no conflict of interest when the person holding both these positions is married to a State trooper.